IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RHOME J. CALHOUN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1477-N-BN |
| | § | |
| STATE OF WA DHS CHILD SUPPORT | § | |
| DIVISION; LOS ANGELES COUNTY | § | |
| DIVISION OF CHILD SUPPORT; and | § | |
| STATE OF MN DHS CHILD SUPPORT | § | |
| ENFORCEMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**AMENDED MEMORANDUM OPINION AND ORDER SEVERING
DEFENDANTS AND TRANSFERRING CASES**

Plaintiff Rhome J. Calhoun, who currently resides in Dallas, Texas, brings this *pro se* action, ostensibly under 42 U.S.C. § 1983, attacking child support judgments entered against him in Washington, California, and Minnesota. *See* Dkt. Nos. 3 & 4. United States District Judge David C. Godbey has referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Mr. Calhoun asserts that the state judgments entered against him are each void because each was signed "Coram Non Judice." Dkt. No. 3 at 1; *see id.* at 2 ("I am asking this Court to protect my U.S. Constitutional 14th and 4th Amendment rights by ordering these three agencies to vacate and close the orders that were opened 'Coram Non Judice.' I am also asking to be refunded the full amount that has been seized from me and my family in the amount of $108,434.48. I am also asking that my U.S. Passport

rights be restored, to have Minnesota DHS Child Support Enforcement to stop reporting a debt to TransUnion and Equifax and to cease and desist from all communication with me and my current and future employers through Withholding Orders.").

To begin, Mr. Calhoun's claims may be barred by the *Rooker-Feldman* doctrine, under which

> "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Mosley v. Bowie Cty., Tex.*, 275 F. App'x 327, 329 (5th Cir. 2008) (per curiam) (quoting, first *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000), and then *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

"Federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), *rec. accepted*, 2015 WL 4624708 (W.D. Tex. July 31, 2015); *see, e.g., Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 2004 WL 2091406, at *1 (5th Cir. Sept. 20, 2014) (per curiam) (affirming "the district court's application of the *Rooker-Feldman* doctrine" to a plaintiff's constitutional claims implicating a California custody and child support order because those claims were "inextricably intertwined with the state court order" (citations omitted)).

-2-

But the United States Court of Appeals for the Fifth Circuit has recognized that, "[u]nder some circumstances, a federal court may review the state court record to determine if the judgment is void." *Mosley*, 275 F. App'x at 329 (citing *United States v. Shepherd*, 23 F.3d 923, 925 & n.5 (5th Cir. 1994), which held that a Texas judgment is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court").

Mr. Calhoun arguably raises at least the last point in this action. *Cf. id.* (noting that the domestic relations exception to federal jurisdiction is not triggered by "claims of constitutional violations in the enforcement of [ ] state child support judgment[s that] do not involve" determining "which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified").

Because Mr. Calhoun has brought a *pro se* action that, based solely on the face of the complaint as filed, may not be barred – or at least clearly barred – under either the *Rooker-Feldman* doctrine or the domestic relations exception, the Court determines that the fairest course of action is to sever his claims into three separate suits and to transfer each suit to the proper venue.

Federal Rule of Civil Procedure "21 establishes that, 'On motion or on its own, the court may at any time, on just terms, add or drop a party.' FED R. CIV. P. 21. Since Rule 21 does not provide any standards by which district courts can determine if

parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam) (citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975)). Applicable here, Federal Rule of Civil Procedure 20(a)(2)(B) provides that defendants "may be joined in one action" if "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B). While Mr. Calhoun may be claiming that each state judgment is void because each was entered *coram non judice*, this thematic assertion necessarily raises legal issues that are unique to the validity of each judgment, which prevents the Court from concluding that Mr. Calhoun has shown that there are questions of law common to all defendants under Rule 20.

Therefore, this action will be severed into one action for each state judgment. And, since this action has been filed in the wrong district, each new action will be transferred to the district and, where applicable, the division in which it could have been brought.

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also*

*Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Accordingly, under Sections 1391(b)(1) and (2), and consistent with the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6, on **July 2, 2018**,

- Mr. Calhoun's claims against Defendants State of WA DHS Child Support Division and J. Stevenson – the address of these defendants provided by Mr. Calhoun being in Everett, Washington, *see* Dkt. No. 4 at 1, in Snohomish County – will be transferred to the Western District of Washington, *see* 28 U.S.C. § 128(a);

- Mr. Calhoun's claims against Defendants Los Angeles County Division of Child Support and Sandra Gonzales – the address of these defendants provided by Mr. Calhoun being in Commerce, California, *see* Dkt. No. 4 at 1, in Los Angeles County – will be transferred to the Western Division of the Central District of California, *see* 28 U.S.C. § 84(c)(2); and

- Mr. Calhoun's claims against Defendants State of MN DHS Child Support Enforcement and Ashley L. Parker – the address of these defendants provided by Mr. Calhoun being in Stillwater, Minnesota, *see*

Dkt. No. 4 at 1, in Washington County – will be transferred to the Third Division of the District of Minnesota, *see* 28 U.S.C. § 103(3).

This 21-day period affords Mr. Calhoun an opportunity to file an objection to Judge Godbey within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

If an objection is filed, the order of severance and transfer is stayed pending further order of the Court.

This amended memorandum opinion and order supercedes the memorandum opinion and order entered earlier today, before the Court received clarification from Mr. Calhoun concerning the defendants named.

SO ORDERED.

DATED: June 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE